**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ASHANTI LUSBY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Hon. George W. Lindberg |
| v. | ) | Case Number 10 C 7946 |
| | ) | |
| DAVE REDNOUR, Warden, | ) | |
| Menard Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Dave Rednour's ("Rednour") motion to dismiss plaintiff Ashanti Lusby's ("Lusby") 28 U.S.C. § 2254 petition for a writ of habeas corpus ("habeas petition"). Rednour is named as the defendant because he is the warden of Menard Correctional Center ("Menard"), the facility where Lusby is incarcerated and serving his 160-year state sentence. Rednour moves to dismiss the habeas petition as time-barred. For the reasons set forth more fully below, Rednour's motion is granted and Lusby's habeas petition is dismissed.

In September 2002, a Will County, Illinois jury convicted Lusby of murder, aggravated criminal sexual assault, and home invasion. Following the conviction, the trial court sentenced Lusby to two concurrent 30-years terms of imprisonment for the aggravated criminal sexual assault and home invasion convictions, and a consecutive 100-year term of imprisonment for the murder conviction.

Lusby's victim was found dead on her couch with multiple rectal and vaginal lacerations consistent with sexual force, as well as knife wounds to her neck and a gunshot wound above her right eye. Petitioner's DNA matched semen found on the victim.

The Illinois Appellate Court affirmed Lusby's conviction on November 19, 2004. The

Illinois Supreme Court denied Lusby's petition for leave to appeal ("PLA") on March 30, 2005. Lusby did not file a petition for writ of certiorari with the United States Supreme Court.

On September 1, 2005, approximately five months after the denial of his PLA, Lusby filed a postconviction petition in the Circuit Court of Will County, Illinois, pursuant to 725 ILCS 5/122-1. The Circuit Court denied the postconviction petition on December 2, 2005. The Illinois Appellate Court affirmed that denial on December 4, 2007. Almost two years later, on September 30, 2009, the Illinois Supreme Court denied Lusby's PLA related to his postconviction petition.

According to the Notice of Filing Lusby attached to the instant habeas petition, he filed his petition with this Court on October 5, 2010. The petition was not docketed until December 14, 2010 and the institutional postmark from the Menard mailroom is dated December 10, 2010. Rednour filed the instant motion to dismiss on January 19, 2011. In a minute order dated January 20, 2011, this Court ordered Lusby to file a written response to the motion no later than March 16, 2011. To date, Lusby has not responded to the motion to dismiss, or submitted any filings to the Court.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides for a one-year statute of limitations for federal habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). The limitations period begins to run on either "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review", whichever came later. 28 U.S.C. § 2244(d)(1)(A). Sections 2244(d)(1)(B)-(D) do not apply to the facts of this case because Lusby has not alleged a State-created impediment to filing the instant habeas petition; a newly recognized and retroactive constitutional right; or the discovery of facts that

would support a new claim.

Lusby's conviction became final, for purposes of determining whether the instant habeas petition was timely filed, when his time to file a petition for certiorari to the United States Supreme Court expired following the denial of state relief on direct review. *Jones v. Hulick*, 449 F.3d 784, 787-88 (7th Cir. 2006). The Illinois Supreme Court denied Lusby's PLA in the direct appeal of his criminal conviction on March 30, 2005. Lusby had 90-days thereafter to file a petition for certiorari. Lusby did not file a petition for certiorari, so his judgment became final on June 28, 2005 and that is the date on which his one-year statute of limitations began to run.

64 days of the one-year statute of limitations elapsed before Lusby filed his postconviction petition on September 1, 2005. The filing of the postconviction petition tolled the statute of limitation. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). The tolling ended on September 30, 2009 when the Illinois Supreme Court denied the PLA related to his post-conviction petition. Under Illinois law, the judgment of a reviewing court is final the day it is entered rather than the date the mandate issues. *PSL Realty Co. v. Granite, Inv. Co.*, 427 N.E.2d 563, 569-70 (Ill. 1981). Unlike the direct appeal, the limitations period is not tolled during the subsequent 90-day period in which Lusby could have, but did not file a petition for writ of certiorari with the United States Supreme Court. *Jones*, 449 F.3d at 788. Accordingly, the statute of limitations began to run again on October 1, 2009.

As stated above, Lusby signed and dated his habeas petition on October 5, 2010. Although, the institutional postmark from the Menard mailroom is dated December 10, 2010, this Court will use the October date because it is the date most favorable to Lusby and does not affect the timeliness analysis. Under Section 2244(d)(1) of the AEDPA, 370 days elapsed

3

between the Illinois Supreme Court's denial of Lusby's PLA on September 30, 2010 and Lusby's filing of the instant habeas petition on October 5, 2010. An additional 64 days elapsed between the expiration of the time period for filing a petition for writ of certiorari regarding Lusby's direct appeal and the date that he filed his post-conviction petition on September 1, 2005. Accordingly, a total of 434 untolled days elapsed between June 28, 2005 and November 5, 2010. For purposes of this timeliness analysis, Lusby's habeas petition is time-barred because he filed it 70 days after the one-year statute of limitations expired.

Finally, the federal habeas corpus statute of limitations is subject to equitable tolling. *Holland v. Florida*, 560 U.S. __, 130 S.Ct. 2549, 2562 (2010). However, there are no facts in the record to suggest that equitable tolling is appropriate in this case. For these reasons, Rednour's motion to dismiss the habeas petition as time-barred is granted and the habeas petition is dismissed.

**ORDERED:** Motion to dismiss habeas petition as time-barred [10] is granted. The habeas petition is dismissed. All matters pending before the Court having been resolved, this civil case is terminated.

E N T E R:

George W. Lindberg
SENIOR U.S. DISTRICT JUDGE

DATED: March 31, 2011